IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| STRATOSAUDIO, INC.,<br>*Plaintiff*<br><br>-vs-<br><br>HYUNDAI MOTOR AMERICA,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:20-CV-01125-ADA |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hyundai Motor America's ("HMA" or "Hyundai") Rule 12(b)(3) Motion to Dismiss for improper venue pursuant to 28 U.S.C. §§ 1400(b), 1406. Dkt. 12. After careful consideration of the relevant facts, applicable law, the parties' oral arguments, and the Federal Circuit's recent opinion, the Court **GRANTS** HMA's Motion.

### I.   BACKGROUND

Plaintiff StratosAudio, Inc. ("StratosAudio") filed this action against HMA on December 11, 2020, asserting infringement of seven patents by HMA's vehicles with certain infotainment systems. Dkt. 1. On February 22, 2021, HMA moved to dismiss the action for improper venue under Rule 12(b)(3). Dkt. 12. HMA is a California corporation with its principal place of business in Fountain Valley, California. Dkt. 1 at 2, ¶ 7. HMA may be served through its registered agent for service in the State of Texas and has been registered to do business in the State of Texas since at least May 13, 1986. *Id.*

For propriety of venue, Plaintiff alleges the following: HMA distributes new automobiles in this judicial district exclusively through its five authorized HMA dealerships in this District. *Id.* at 3, ¶ 10; Dkt. 21 at 3. All authorized HMA dealerships in this District are named with the "Hyundai" designation and prominently display Hyundai trademarks and use the Hyundai trade

1

name. Dkt. 1 at 3, ¶ 11. HMA dealerships in this District are displayed on HMA's website as places of Hyundai, where users can locate the Hyundai dealerships, check available inventory, and schedule a test drive. *Id.* at ¶ 12. HMA provides new purchase warranties and warranty service and repairs through its authorized dealerships. *Id.* at 4, ¶ 13. HMA also directly controls various aspects of its dealerships' operations, including the sale of automobiles, training service technicians through its Car Care Express program, and offering financing through Hyundai Motor Finance. *Id.* at ¶ 14. HMA further controls the sale or ownership transfer of its authorized dealers, including the right to refuse transfer and the operating location of the dealers. *Id*.

## II.   LEGAL STANDRD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law," rather than regional circuit law. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). "[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *Id*. at 1013–14. Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue. *Castaneda v. Bradzoil, Inc*., No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id*. (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc*., 240 F.App'x 612, 615 (5th Cir. 2007) (per curiam)). In determining whether venue is proper, "the Court may look beyond the complaint to

evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).

Section 1400(b) provides that venue in patent cases is proper "[1] where the defendant resides, or [2] where the defendant [a] has committed acts of infringement and [b] has a regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted, in *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360. Regarding the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). Regarding the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id.* (citations omitted). And the third requirement means that the place cannot be solely a place of the defendant's employee – "the defendant must establish or ratify the place of business." *Id.* at 1363.

Subsequently, in *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020), the Federal Circuit added a fourth requirement: "a 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'"[1] *Id.* at 1345.

---

[1] In *Google*, Federal Circuit considered this requirement as part of the second *Cray* factor. *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020) ("We agree . . . that under the second *Cray* factor, a 'place of business' generally requires an employee or agent of the defendant to be conducting business at that place."). However, this *Google* requirement is essentially a different requirement than the original second

### III.     DISCUSSIION

The main dispute before the Court is whether Defendant HMA has "a regular and established place of business" in this District. The parties do not dispute that defendant HMA does not "reside" in this District and therefore the first prong of Section 1400(b) does not apply. Under the second prong, the parties do not dispute that Plaintiff has plausibly pled that "defendant has committed acts of infringement" and the parties also do not dispute that the dealerships are "physical places" in this District and are "regular and established" under the first and second *Cray* requirements. Therefore, the Court discusses below whether the third and fourth requirements are met in this case to establish proper venue in this District. The Federal Circuit held that "dealerships located in the Western District do not constitute regular and established places of business of Volkswagen and Hyundai under § 1400(b)." *In re Volkswagen Grp. of Am., Inc.*, No. 2022-108, 2022 WL 697526, at *3 (Fed. Cir. Mar. 9, 2022).  All of Plaintiff's arguments hinge on the dealerships.  Therefore, 28 U.S.C. § 1400(b) cannot be met.

### IV.     CONCLUSION

For the reasons above, the Court finds that venue is improper in this District under Section 1400(b). The Court therefore **GRANTS** Defendant's Motion to Dismiss.  Specifically, the Court **GRANTS** the alternative relief requested by Defendant: "the Court may transfer HMA under 28 U.S.C. to the Central District of California, where it is incorporated and headquartered."  Dkt. 24 at 10.  The Clerk of the Court is hereby directed to transfer this case to the Central District of California.

---

*Cray* requirement, which places more focus on the phrase "regular and established." Therefore, this Court treats the *Google* requirement as a fourth requirement in addition to the three *Cray* requirements.

SIGNED this 10th day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

5